IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY JOHN ROBERSON, #1385227,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 3:06-CV-1859-K |
| | ) | ECF |
| **DALLAS COUNTY JAIL, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>:  This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.[1]

<u>Parties</u>:  Plaintiff is presently confined at the Ramsey Unit of the Texas Department of Criminal Justice, Correctional Institutions Division in Rosharon, Texas. The events at issue in this case relate to his incarceration at the Dallas County Jail in Dallas, Texas.

Defendants are the Dallas County Jail and fellow inmates Cruz, Agard and Ratcliff.

The Court did not issue process in this case, pending preliminary screening. On October 26, 2006, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers thereto

---

[1] Plaintiff submitted the complaint on the form for filing a civil rights action pursuant to 42 U.S.C. § 1983.

on January 29, 2007.

Statement of Case: Plaintiff filed this action complaining of denial of adequate medical care for the injuries sustained as a result of three assaults by fellow inmates at the Dallas County Jail on May 6, 2006. He also complained of the denial of an adequate diabetic diet during his incarceration at the Dallas County Jail. He sought monetary damages for the negligence of the Dallas County Jail. He also sought to bring criminal charges against his attackers.[2]

Findings and Conclusions: Before screening Plaintiff's complaint under 28 U.S.C. § 1915A, the Court must always examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal

---

[2] Insofar as Plaintiff seeks release from confinement, his claim is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987) (Where a state prisoner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'")); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).
  To maintain a habeas corpus action a litigant must first exhaust his state remedies. *See* 28 U.S.C. § 2254(b). Petitioner was specifically advised of this requirement in *Roberson v. Matz, et al.*, 3:06cv1570-L (N.D. Tex. Dallas Div., Jan 23, 2007); *see also Roberson v. State of Texas*, 3:06cv0739-R (N.D. Tex., Dallas Div., May 9, 2006) (habeas petition dismissed without prejudice for failure to exhaust state court remedies); *Roberson v. Dallas County Jail*, 3:06cv1571-B (N.D. Tex., Dallas Div., Oct. 11, 2006) (same); *Roberson v. Quarterman*, 3:06cv1786-M (N.D. Tex., Dallas Div. Nov. 15, 2006) (same); *Roberson v. State of Texas*, 3:05cv1490-P (N.D. Tex., Dallas Div., Mar. 8, 2006) (dismissing request for monetary relief with prejudice to it being reasserted until the *Heck* conditions are met, and dismissing request for habeas relief without prejudice to refiling once the exhaustion requirement is satisfied).

question arising under the Constitution, a federal law or a treaty, see 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, see 28 U.S.C. § 1332.

Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint fails to allege a claim cognizable under 42 U.S.C. § 1983 against inmates Cruz, Agard, and Ratcliff. Plaintiff seeks to have these three inmates criminally prosecuted for assaulting him at the Dallas County Jail. His claim does not rise to a constitutional violation. Plaintiff does not have the right to have criminal charges filed against a third person. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990).

Absent a federal question, complete diversity of citizenship between adverse parties is required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction, however. It is clear from the face of the complaint that Plaintiff and his assailants are citizens of the State of Texas. Therefore, Plaintiff's claims against inmates Cruz, Agard and Ratcliff should be dismissed for want of jurisdiction.

Next the Court addresses Plaintiff's claims against the Dallas County Jail. Although Plaintiff paid the $350.00 filing fee, his complaint is subject to preliminary screening on these claims pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is

proceeding *in forma pauperis*).[3]

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[4]

Plaintiff alleges that "the Dallas County Jail [should] be held liable for negligence". (Complaint at 4). He fails to provide any details as to the alleged denial of medical care and the lack of an adequate diabetic diet. Nevertheless, it is well established that negligent conduct in and of itself is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995). Because the complaint is devoid of any allegations supporting a constitutional claim for the alleged denial of medical care and the lack

---

[3] Section 1915A provides in pertinent part that:
The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C. § 1915A(a) and (b) (emphasis added).

[4] Exhaustion of administrative remedies under 42 U.S.C. § 1997e(c), is mandatory before the filing of any suit challenging prison conditions. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Plaintiff's answer to the questionnaire with respect to exhaustion of administrative remedies is non-responsive. (*See* Answer to Question 3). In Answer to Question 5, however, Plaintiff appears to allege that he reported the matter to the Dallas County Jail, but no action was taken.
Regardless of Plaintiff's failure or inability to exhaustion, a Court may dismiss a claim as frivolous or for failure to state a claim without first requiring exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2).

of an adequate diabetic diet, Plaintiff cannot raise a claim cognizable under § 1983.

In addition, any claim against the Dallas County Jail is patently frivolous. It is well settled that a plaintiff may not bring a civil rights claim against a servient political agency or department, such as the Dallas County Jail, unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff has failed to show that the Dallas County Jail has ever been granted the capacity to sue or be sued and, as such, it should be dismissed with prejudice as frivolous.

In answer to the questionnaire Plaintiff names Tina Hill, Director of Parkland Health Care System for the Dallas County Jail. (Answer to Question 6). He, however, has failed to allege any claim establishing her personal involvement, or that she implemented any policies with respect to the alleged denial of medical care or a diabetic diet. To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)). Supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam). They may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivations, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

Therefore, Plaintiff's claims against Defendant Hill should be dismissed with prejudice

as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendants Cruz, Agard and Ratcliff be DISMISSED for want of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and that Plaintiff's claims against the Dallas County Jail and Tina Hill (named in answer to the questionnaire) be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of February, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.